## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Frances Ferrand

v.

Credit Adjustment Board, Inc., et al.

October 30, 1968

Case No. 835

By JUDGE A. CHRISTIAN COMPTON

Attached you will find a copy of the order entered today overruling the demurrer of the defendant Baby Diaper Service, Inc.

A demurrer admits that all material facts which are well pleaded are true and the Court must consider in aid of the motion for judgment all reasonable inferences of fact which may be justly drawn from the facts alleged. *Ames* v. *American National Bank*, 163 Va. 1, 37, 38 (1934). The plaintiff alleges that the defendant Baby Diaper Service did "employ" the defendant Credit Adjustment Board, Inc., to "collect money from the plaintiff" and, further, that the speaker of the alleged defamatory words, the defendant Martin, was an "employee" of the defendant Credit Adjustment Board, Inc., "and acting within the scope of his employment."

The demurrant takes the position that the motion for judgment is not sufficient in law for the reason that two or more persons cannot be charged with utterance of

the same slanderous words at the same time unless there is a conspiracy and that no such conspiracy is alleged here. It relies on the statement and the cases cited in 12 M.J. *Libel and Slander*, Section 15, p. 57, ftns. 18 and 19. Furthermore, it asserts that Baby Diaper cannot be the employer of the defendant Martin because it is alleged that Credit Adjustment is his employer. It asserts that it only had a contractual arrangement with Credit Adjustment but not a master-servant relationship.

The aforementioned portions of the motion for judgment are sufficient and state the following case: that the defendant Baby Diaper Service engaged the services of the defendant Credit Adjustment Board as its agent to collect money from the plaintiff; that Credit Adjustment authorized the defendant Martin, its agent, to collect the money due; that while so engaged, Martin made the alleged slanderous remark as subagent of Baby Diaper Service; and that Baby Diaper Service is liable as principal for the acts of Martin, its subagent performed in the scope of his employment.

The general rule is fully stated in 33 Am. Jur., *Libel and Slander*, p. 187 as follows:

> While some courts affirm that a joint action may be maintained against two or more persons simultaneously uttering defamatory words, the weight of authority appears to support the view that a slander is usually an individual or separate tort, and that two or more persons cannot be held jointly responsible for an oral defamation unless it was the result of a concert or conspiracy between them or was uttered by one at the instigation of another, or unless the liability of one for the act of the other is predicated upon the rule of respondeat superior.
>
> Where the liability of one person for a defamation published by another is predicated upon the rule of respondeat superior, as in the case of master and servant, or principal and agent, the parties are jointly liable.

See also Restatement of Agency, 2d, Section 254, and Anno., 26 A.L.R.2d, 1031.

With this general rule in mind, the motion for judgment must be examined to determine whether the plaintiff has stated a case which falls within the exception to the general rule, i.e., the rule of respondeat superior. This requires an examination of the pleading with reference to the relationship of Martin and Credit; Baby Diaper and Credit; and Martin and Baby Diaper. The relation of Martin as agent of Credit Adjustment is clearly set forth in paragraph 2. While not in as precise terms, the relation of principal and agent between Baby Diaper Service and Credit Adjustment Board is alleged in paragraph 4 when the plaintiff alleges that Baby Diaper "did . . . employ (it) to collect money from the plaintiff . . ." Black's Law Dictionary (Third Edition) defines "employ" as, among other things, meaning "to use as an agent or substitute in transacting business . . . ."

Consider now the relation, and the effect thereof, of Baby Diaper and Martin. As a general rule, "where the agent is authorized to appoint a subagent, the relation of principal and agent exists between the principal and subagent." 3 Am. Jur. 2d, *Agency*, Section 7, p. 423. Since the rules applicable to the liability of a principal for the acts of an agent apply likewise to his liability for the acts of subagents (Restatement of Agency, 2d, Section 255), are the allegations here sufficient to support a conclusion that Baby Diaper Service "authorized" Credit Adjustment Board to appoint a subagent, Martin, to transact the business? This query must be answered in the affirmative. Unless there is agreement to the contrary, theauthority to appoint a subagent is inferred from the authority to conduct the transaction for the principal if the agent is a corporation, partnership or other organization. Restatement of Agency 2d, Section 80(b).

For these reasons, the demurrer is overruled.